UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHAUNCEY DILLON,

                                      MEMORANDUM DECISION
                                          AND ORDER
                    Petitioner,              07-CV-10728 (GBD)

     -against-


SUPERINTENDENT JAMES T. CONWAY,

                    Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Petitioner Chauncey Dillon was convicted following a jury trial in Supreme Court, New York County, of felony murder, robbery and assault. His conviction was affirmed on appeal to the Appellate Division of the New York State Supreme Court. The New York State Court of Appeals denied petitioner's application for leave to further appeal on August 31, 2006. On November 30, 2007, petitioner filed a writ of habeas corpus in this Court, challenging his conviction pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition for untimely filing[1]. Petitioner served an opposing affirmation arguing that he timely filed the petition, or in the alternative, that the petition should be accepted for equitable tolling.

      This Court referred the matter to Magistrate Judge Douglas F. Eaton for a Report and Recommendation ("Report"). In his Report, Magistrate Judge Eaton recommended that this

---

[1] Petitioner's state court conviction became final ninety days from the date that the New York Court of Appeals denied his application for leave to appeal on August 31, 2006. Petitioner's attorney wrongly measured the ninety days from September 1, 2006 instead of correctly calculating from August 31, 2006. A timely habeas petition must have been filed one year after the ninety day period on November 29, 2007. Petitioner's habeas petition was filed one day late on November 30, 2007.

1

Court grant respondent's motion to dismiss. Magistrate Judge Eaton informed the parties of their right to submit objections to the Report, and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report. First, petitioner argued that confusion exists regarding the calculation of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in particular, the date from which the ninety-day period should be measured. Second, petitioner claims that his circumstances warrant equitable tolling by one-day. Petitioner asserted that his counsel's assurance that he would file a timely petition coupled with his erroneous advice on the expiration of the AEDPA's statute of limitation should have severed the agency relationship and, thus, warranted equitable tolling of his one day late filing. Petitioner argues that his circumstances consisting of insufficient funds to hire counsel earlier, counsel's large caseload when his law partner left the two-man firm, and counsel's diligent efforts to obtain evidence that petitioner believed would demonstrate his innocence qualify as extraordinary circumstances for purposes of equitable tolling.

The magistrate judge found that petitioner's state court conviction became final on November 29, 2006, ninety days after the New York Court of Appeals denied petitioner's application for leave to appeal on August 31, 2006. Magistrate Judge Eaton rejected petitioner's argument that the one-year statute of limitations should begin to toll the day *after* the ninety-day period and entry of the final judgment (thereby giving petitioner an additional day to file, and, thus making petitioner's filing timely).[2] In this Circuit, it is established that the time to file a

---

[2]Petitioner's argument based on dictum in <u>United States v. Hurst</u>, 322 F.3d 1256 (10th Cir. 2003). However, the United States Court of Appeals for the Second Circuit, in addition to every other Circuit Court, with the exception of the Tenth Circuit, calculates the statute of limitations from the day of entry of final judgment, not the day after.

petition for review runs from the date of entry of the judgment sought to be reviewed. Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005). Consequently, because the New York Court of Appeals denied petitioner's application for leave to appeal on August 31, 2006, petitioner's state court conviction became final on November 29, 2006. Thus, petitioner's federal habeas petition was required to be filed on or before November 29, 2007, unless the period was tolled. The petition was actually filed one day later, on November 30, 2007.

Magistrate Judge Eaton found that "a litigant seeking equitable tolling bears the burden of establishing...(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). The magistrate judge found that petitioner and his attorney acted with reasonable diligence, but did not find that petitioner established the essential element of extraordinary circumstances that prevented him from submitting a timely petition. In addition, a petitioner cannot claim constitutionally ineffective counsel in post-conviction proceedings and must bear the risk of attorney error. Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 2567 (1991). The exception may be when an "attorney's conduct...is sufficiently egregious...[to] justify...equitable tolling[,]" such that the agency relationship is severed. Baldayaque v. United States, 338 F. 3d 145, 152-53 (2d Cir 2003). Magistrate Judge Eaton found that petitioner's attorney worked diligently for him and was acting as his agent when he mistakenly calculated the ninety-day period. Consequentially, petitioner must bear the risk of the untimely submission of his habeas petition.

The magistrate judge also found that petitioner did not qualify for the actual innocence exception, which requires a petitioner to introduce new evidence to "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

3

Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 870 (1995). Petitioner did not present any new evidence. The magistrate judge also reviewed petitioner's submissions and found no proof of actual innocence.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676.

Upon *de novo* review of the instant matter, this Court determines that the magistrate judge's findings are supported by the record. Each of petitioner's objections are without merit. This Court adopts Magistrate Judge Eaton's Report in its entirety. Petitioner's habeas corpus petition is DISMISSED.

As the petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1101 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28

4

U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438 (1962).


Dated: August 4, 2008
New York, New York

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge