UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _11-9-16_

CHAUNCEY DILLON,

                    Plaintiff,

- against -

SUPERINTENDENT JAMES T. CONWAY,
*Attica Correctional Facility*,

                    Defendant.

**MEMORANDUM ORDER
ADOPTING REPORT
AND RECOMMENDATION
07-CV-10728 (ALC) (RLE)**

**ANDREW L. CARTER, JR., U.S. DISTRICT JUDGE:**

Before the Court are objections to the December 22, 2015 report and recommendation ("R & R") issued by the Honorable Richard Ellis, United States Magistrate Judge. Judge Ellis recommended denying Petitioner's writ for habeas corpus relief pursuant to 28 U.S.C. § 2254. (R&R, ECF No. 54). For the reasons set forth below, the Court adopts the conclusions of the R&R in its entirety and modifies its analysis to the extent necessary to conform with exhaustion requirements. Petitioner is denied relief.

## BACKGROUND

The Court assumes familiarity with the background and procedural history as set forth in the R & R and briefly recounts facts relevant to the present objections. Petitioner Chauncey Dillon ("Dillon") was convicted in the Supreme Court of the State of New York, New York County, after a jury trial, of second degree murder (N.Y. Penal Law § 125.25), first degree assault (N.Y. Penal Law § 120.10), attempted robbery (N.Y. Penal Law §§ 110.00, 160.15), criminal possession of a weapon (N.Y. Penal Law § 265.03), and reckless endangerment (N.Y. Penal Law § 120.25). Dillon was sentenced to an aggregate prison term of 30 years to life, and

COPIES MAILED

his conviction was affirmed by the Appellate Division, First Department on June 6, 2006, *People v. Dillon*, 30 A.D.3d 1135 (1st Dep't 2006). The New York Court of Appeals denied Dillon's leave application on August 31, 2006, *People v. Dillon*, 7 N.Y.3d 812 (2006), and his conviction became final ninety days later, on November 29, 2006. On that same day, the one-year statute of limitations began to run pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A).

On November 30, 2007, one day after the statute of limitations expired, Dillon filed a *pro se* habeas petition before this Court. ("Hab. Pet." ECF No. 1). Respondent moved to dismiss Dillon's habeas petition as untimely which was granted. ("Dismissal Order" ECF No. 16). Dillon appealed and the Second Circuit reversed, holding that extraordinary circumstances warranted equitable tolling. *Dillon v. Conway*, 642 F.3d 358, 360 (2d Cir. 2011).

This Court granted Dillon leave to file an amended petition in which he argued that: (1) his Fifth Amendment right against self-incrimination was violated when the jury heard Dillon's responses to police questioning; (2) his Due Process right to a fair trial was violated by the admission of impermissible hearsay testimony; (3) pervasive prosecutorial misconduct also violated his Due Process right to fair trial; (4) his Sixth Amendment right to confront the witnesses against him was violated by the admission of a witness' written statement to police; (5) he received ineffective assistance of trial counsel; and (6) he received ineffective assistance of appellate counsel.[1] ("Am. Pet." ECF Entry No. 39). The amended habeas petition was referred to Judge Ellis, who concluded that many of Dillon's claims were unexhausted. (R&R 15-21). Judge Ellis also found that Dillon's exhausted claims were without merit. *See id.* at 22-

---

[1] Dillon obtained counsel prior to filing his amended habeas petition. ("Notice of Appearance" ECF No. 28).

37. Dillon objected to the R&R arguing that Judge Ellis erred in finding that the hearsay claim was unexhausted. ("Pet. Objs." 2-4). Dillon also objected to Judge Ellis' ruling on the prosecutorial misconduct claim, arguing that Judge Ellis applied an erroneous standard of review. *See id.* at 4-8.

## STANDARD OF REVIEW

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (citing Fed.R.Civ.P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). In contrast, a reviewing court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). This does not hold true, however, when a party makes only conclusory or general objections or "simply reiterates his original arguments." *Phillips v. Girdich*, No. 03 Civ. 3317 (SCR) (LMS), 2009 WL 1868608, at *2 (S.D.N.Y. June 23, 2009). In such a case, the Court reviews the Report only for clear error. *Id.* Notwithstanding Dillon's objections could be described as conclusory, general, or a reiteration of previous arguments, the Court reviewed de novo each portion of the R&R to which Dillon objected.

3

## I. INADMISSIBLE HEARSAY CLAIM

Dillon maintains that his hearsay claim is exhausted because he made several arguments about inadmissible hearsay before the Appellate Division. (Pet. Obs. at 3-4). AEDPA provides that federal courts may not grant a petition for habeas corpus relief unless "the applicant has exhausted the remedies available in the courts of the state" or "there is an absence of available State corrective process." 28 U.S.C. §§ 2254(B)(1)(A), (B)(i). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (citations, alterations, and internal quotation marks omitted). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). While a state petitioner "is not required to cite chapter and verse of the Constitution" they "must present a challenge in terms that are likely to alert the state courts to the claim's federal nature." *Carvajal*, 633 F.3d at 104 (citations, alterations, and internal quotation marks omitted). The exhaustion requirement may be satisfied by: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in fact like situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* "A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of all of the essential factual allegations and essentially the same legal doctrine he asserts in his federal petition."

*Strogov v. Att'y Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999) (citations and internal quotation marks omitted).

In his amended habeas petition, Dillon argued that the admission of inadmissible hearsay deprived him of his due process right to a fair trial and violated the Confrontation Clause. (Am. Pet. at 8, 11). However, Dillon acknowledges that his hearsay claim before the Appellate Division was not grounded in due process or the Confrontation Clause. (Pet. Objs. at 3). Indeed, Dillon's Appellate Division brief argued that the trial court abused its discretion in denying his motion for a mistrial because the prosecutor's references about inadmissible hearsay constituted misconduct. ("App. Br." at 21-28). Dillon further argued that "the prosecutor's conduct placed hearsay before the jury which included an admission by appellant to the ultimate issue at trial,"and such misconduct deprived Dillon "of a fair trial." *Id.* at 22. In rejecting Dillon's claim, the Appellate Division held that the trial court did not violate state law in denying a motion for mistrial because the remedy—striking the hearsay testimony and issuing curative instructions—was adequate. *Dillon*, 30 A.D.3d at 1135-36. It is clear that Dillon's arguments relating to hearsay before the Appellate Division are not "essentially the same legal doctrine he asserts in his federal petition." *Daye*, 696 F.2d at 191-92. Nor did Dillon cite to state cases that implicate clearly established federal law. *See Pena v. Bellnier*, No. 09 Civ. 8834, 2010 WL 7367953, at *5 (S.D.N.Y. Dec. 30, 2010) (finding that the petitioner's excessive and harsh sentencing claim was unexhausted in part because on direct appeal, the petitioner relied only on state law cases that never discussed federal law) (R&R adopted in 2011 WL 3918200). Thus, the Court agrees with Judge Ellis that these references were insufficient to apprise the state court of a Confrontation Clause or Due Process claim based on inadmissible hearsay evidence.

The Court also agrees with Judge Ellis' finding that Dillon's hearsay claim is procedurally defaulted pursuant to N.Y. Crim. Proc. Law § 440.10(2)(c), because Dillon failed to apprise the Appellate Division of the Constitutional claims. *See Acosta v. Artuz*, 575 F.3d 177, 188 (2d Cir. 2009). Nor has Dillon overcome the procedural bar by showing, "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 184 (citations, alterations, and internal quotation marks omitted). Accordingly, Dillon's hearsay claim grounded in Due Process and the Confrontation Clause shall be deemed exhausted but procedurally defaulted.

## II. PROSECUTORIAL MISCONDUCT CLAIM

Dillon contends that the "linchpin of this petition," is the prosecutorial misconduct claim and asserts that Judge Ellis erred in denying relief. (Pet. Objs. at 4). Judge Ellis concluded that Dillon's prosecutorial misconduct claim was exhausted because "Dillon argued in his brief to the Appellate Division, First, Department, and his request for leave to the Court of Appeals, that the prosecutor's conduct violated his Fifth Amendment right against self-incrimination." (R&R at 17). Respondent timely objected to Judge Ellis' exhaustion finding. ("Resp. Objs." at 2-4). The disputed issue of exhaustion shall be reviewed de novo. *See United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).

A review of Dillon's Appellate Division brief shows that his claim of prosecutorial misconduct was based on the prosecutor's references to inadmissible hearsay during summation.[2] (App. Br. at 21). Dillon argued that the prosecutor's remarks to inadmissible

---

[2] In his brief to the Appellate Division, Dillon acknowledged that some aspects of his prosecutorial misconduct claim were unpreserved. (App. Br. at 26-27.) Given that the Appellate Division declined to review the

hearsay deprived him of a "fair trial." *Id.* However, in alleging prosecutorial misconduct, Dillon's brief "makes no explicit reference to any provision of the Constitution," nor does it use "language that calls to mind a federal constitutional guaranty." *Kirksey v. Jones*, 673 F.2d 58, 59 (2d Cir. 1982). Moreover, "[a]lleging lack of a fair trial does not convert every complaint about evidence or a prosecutor's summation into a federal due process claim." *Id.* Most telling was the Appellate Division's response to Dillon's arguments: that the trial court did not violate N.Y. Crim. Proc. Law § 60.35, the state law governing the admission of hearsay testimony.[3] *Dillon*, 30 A.D.3d at 1135-36. Therefore, this portion of Dillon's prosecutorial misconduct claim is unexhausted and unavailable for federal review. *See Jackson v. Conway*, 763 F.3d 115, 143 (2d Cir. 2014), cert. denied sub nom. *Jackson v. Artus*, 135 S. Ct. 1560, 191 L. Ed. 2d 648 (2015). Nor does Dillon have an avenue for state revue because his direct appeal has been perfected, and he would be barred from raising it in a motion to vacate. As a result, this claim is deemed exhausted but procedurally defaulted. *See e.g., Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006).

---

unpreserved claims and alternatively rejected them on the merits, this Court is barred from reviewing that determination because "when a state court says that a claim is not preserved for appellate review but then rules in any event on the merits, such a claim is procedurally defaulted." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (citations and internal quotation marks omitted).

[3] N.Y. Crim. Proc. Law § 60.35 provides: 1. When, upon examination by the party who called him, a witness in a criminal proceeding gives testimony upon a material issue of the case which tends to disprove the position of such party, such party may introduce evidence that such witness has previously made either a written statement signed by him or an oral statement under oath contradictory to such testimony. 2. Evidence concerning a prior contradictory statement introduced pursuant to subdivision one may be received only for the purpose of impeaching the credibility of the witness with respect to his testimony upon the subject, and does not constitute evidence in chief. Upon receiving such evidence at a jury trial, the court must so instruct the jury. 3. When a witness has made a prior signed or sworn statement contradictory to his testimony in a criminal proceeding upon a material issue of the case, but his testimony does not tend to disprove the position of the party who called him and elicited such testimony, evidence that the witness made such prior statement is not admissible, and such party may not use such prior statement for the purpose of refreshing the recollection of the witness in a manner that discloses its contents to the trier of the facts.

Judge Ellis was correct that Dillon's Fifth Amendment claim included accusations that the prosecutor's comments constituted misconduct. (App. Br. at 16-20). However, Judge Ellis saw these two separate claims before the Appellate Division as one.[4] Dillon presumably exhausted the Fifth Amendment aspect of the prosecutorial misconduct claim by arguing that the remarks by the prosecutor resulted in an error "of constitutional proportion." *Id.* at 20. However, Dillon's objection to Judge Ellis' findings makes no mention of the Fifth Amendment aspects of the potential prosecutorial misconduct. Dillon's objections solely relied on the prosecutor's references to inadmissible hearsay in summation to argue that habeas relief was warranted. (Pet. Objs. at 3-7). The Court agrees with the State that Dillon's claim of prosecutorial misconduct in his amended habeas petition is unexhausted.

Even if Dillon's prosecutorial misconduct claim was fully exhausted, the Court would accept Judge Ellis' recommendation to deny the petition. (R&R at 26-36). As amended by AEDPA, "statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court," *id.* at 98, "unless the state court's decision was either: (1) contrary to, or involved an unreasonable application of, clearly established Federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court," *Jackson*, 763 F.3d at 132. For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

---

[4] Point I in Dillon's brief before the Appellate Division stated: "Appellant's Fifth Amendment rights were violated when the prosecutor commented on Dillon's post arrest silence." (App. Br. at 16). Point II stated: "The prosecutor introduced inadmissible hearsay during the testimony of Shaina Davis, referred to her stricken testimony in summation, and vouched for the credibility of a witness and the trial court abused its discretion when it gave a curative instruction instead of granting a mistrial." *Id.* at 21.

8

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412-13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The state's decision "must be objectively unreasonable." *Id.* When a petitioner raises a claim before a state court that is grounded in both state and federal law but the state court does not explicitly address the federal claim in its decision, there is a rebuttable presumption that the federal claim was adjudicated on the merits. *See Johnson v. Williams*, 568 U.S.—, —, 133 S. Ct. 1088, 1096 (Feb. 20, 2013). Federal courts then "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." *Richter*, 562 U.S. at 102.

Dillon does not dispute that the Appellate Division adjudicated his prosecutorial misconduct claim on the merits. Nor does he dispute that AEDPA deference applies. Thus, Dillon was required to show that the Appellate Division's decision was "an unreasonable application of clearly established federal law." *See Tavarez v. Larkin*, 814 F.3d 644, 648-49 (2d Cir. 2016). The Appellate Division held that "it was not improper" for the prosecutor to comment on Dillon's selective responses to police questioning. *Dillon*, 30 A.D.3d at 1135. Dillon has not cited a single Supreme Court case clearly establishing that the prosecutor's conduct was unconstitutional. Nor could he because such conduct has not been proscribed by

9

the Supreme Court. To the contrary, the Court has held that "a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all." *Anderson v. Charles*, 447 U.S. 404, 408 (1980). It was undisputed that Dillon responded to police questioning instead of invoking his Fifth Amendment right to remain silent after *Miranda* warnings. Thus, the prosecutor's arguments in summation regarding Dillon's answers to police questions were not unconstitutional. Further, any alleged harm was ameliorated when the trial court told the jury after summation "every defendant has a right not to make a statement or to remain silent. However, both sides can comment on any statements that were made and then you can draw your own inferences from those statements." T. 575-76. The Court would be hard pressed to conclude that the Appellate Division's holding was "objectively unreasonable." *Lockyer*, 538 U.S. at 75.

Nor did the Appellate Division unreasonably apply clearly established federal law in rejecting Dillon's prosecutorial misconduct claim based on references to inadmissible hearsay. Improper comments in summation "violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, 567 U.S. —, 132 S.Ct. 2148, 2153 (2012) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). The Supreme Court has made clear that the *Darden* standard "is a very general one, leaving courts more leeway in reaching outcomes in case-by-case determinations." *Id.* at 2155 (citations, alterations, and internal quotation marks omitted). In the case at bar, the prosecutor indirectly referenced stricken hearsay testimony while bolstering one of its own witnesses. T. 571-72. The Appellate Division determined that the trial court's remedy of striking the testimony and delivering thorough curative instructions was not improper. *Dillon*,

10

30 A.D.3d at 1135-36. Similarly, the Supreme Court has explained that "even if [a] comment is understood as directing the jury's attention to inappropriate considerations, that would not establish that the [state court's] rejection of the prosecutorial misconduct claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker*, 567 U.S. —, —, 132 S.Ct. at 2153. Accordingly, the Appellate Division's decision that the prosecutor's summation did not deprive Dillon of a fair trial was not an unreasonable application of clearly established law.

## CONCLUSION

The Court has reviewed the unopposed portions of the R&R, and, finding no clear error, the Court adopts Judge Ellis' findings pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons stated above, Dillon's amended petition, (ECF No. 39), is denied in its entirety, and dismissed with prejudice. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of the Court is respectfully directed to enter judgment in favor of the Respondent and to close the case.

**SO ORDERED.**

Dated: November 9, 2016
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

11